**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**CASE NO. 6:26-cv-110**

RONTOYA RICHARDSON,

      Plaintiff,

vs.

WAL-MART STORES EAST, LP,

      Defendant.

_____ /

**NOTICE OF REMOVAL**

Defendant, Wal-Mart Stores East, LP ("Walmart"), by and through its undersigned counsel, and pursuant to 28 U.S.C. §§ 1331, 1367, 1441, and 1446(b)(1), Rule 81(c) of the Federal Rules of Civil Procedure, and M. D. Fla. Local Rule 1.06, hereby files this Notice of Removal removing to this Court the action filed in the Circuit Court of the 7th Judicial Circuit, in and for Volusia County, Florida, Case No. 2025 14460 CICI, with full reservation of rights, exceptions, and defenses, and in support thereof states:

### I.   Removal is Timely

1.    On or about December 2, 2025, Plaintiff commenced this action by filing a Complaint and Demand for Jury Trial in the Circuit Court of the 7th

Judicial Circuit, in and for Volusia County, Florida. *See* Plaintiff's Complaint, filed herewith.

2.      The Complaint and Summons were purportedly served upon Walmart on December 23, 2025. *See* Proof of Service, filed herewith.

3.      Pursuant to 28 U.S.C. § 1446(b)(1), removal is timely if it is accomplished "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based…." 28 U.S.C. § 1446(b)(1).

4.      Removal here is timely, as Walmart has filed this Notice of Removal within thirty (30) days after service of the Summons and Complaint. *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999) (30-day removal period begins to run upon service of summons and complaint together).

## II.    This Court Has Federal Question Jurisdiction

5.      In her Complaint, Plaintiff alleges that the action is one for violations of Title VII of the Civil Rights Act of 1964 and the Florida Civil Rights Act (FCRA). *See* Complaint, at p. 1. Specifically, Plaintiff purports to assert claims for: Count I - Gender Discrimination and Discrimination Based Upon Sexual Orientation; Count II - Title VII – Harassment; Count III – Title VII – Retaliation; Count IV – FCRA – Gender Discrimination; Count V – FCRA – Harassment; and Count VI – FCRA – Retaliation. Plaintiff seeks to recover back pay; interest on

back pay; front pay and/or lost earning capacity; compensatory damages, emotional distress damages; injunctive relief and reinstatement; prejudgment interest; punitive damages; costs and attorneys' fees. *See id*. at *passim*.

6. This Court has jurisdiction over the subject matter, and the case is removable based on the federal questions presented under Title VII. This court has supplemental jurisdiction over the state law claims under FCRA. And the action is properly removed to the Middle District of Florida, Orlando division, as the alleged events giving rise to the claims occurred in Daytona Beach, Florida.

7. "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

8. Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

9. The presence or absence of federal-question jurisdiction is governed by the "well-pleaded complaint rule," and only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).

10.    District courts have federal question jurisdiction over alleged violations of Title VII of the Civil Rights Act of 1964. *Kennedy v. Bell S. Telecommunications, Inc. (AT & T)*, 546 Fed. Appx. 817, 819 (11th Cir. 2013); *Kaiser v. Trofholz Techs., Inc.*, 935 F. Supp. 2d 1286, 1288 (M.D. Ala. 2013)(claims of gender and race discrimination and retaliation under Title VII invoke federal question subject matter jurisdiction); *Harris v. Bahamian Club Owners Ass'n, Inc.*, No. 6:15-CV-1057-ORL-37, 2015 WL 4506859, at *1 (M.D. Fla. July 23, 2015)(Title VII retaliation claim involves a federal question). Because Plaintiff's Complaint alleges three claims under Title VII of the Civil Rights Act (Counts I-III), federal questions are presented and removal is therefore proper.

11.    "[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy…." 28 U.S.C. § 1367. The Court has supplemental jurisdiction over Plaintiff's state law claims.

12.    Venue is proper in this Court because the state court where Plaintiff filed her Complaint, the Circuit Court of the 7th Judicial Circuit, in and for Volusia County, Florida, is located within the Middle District of Florida, Orland division. *See* 28 U.S.C. § 1441(a).

-5-

13.    There are no motions currently pending in this action in state court. The state court docket sheet and all state court filings are being filed herewith.

14.    Upon filing of this Notice of Removal, Walmart will promptly give written notice to Plaintiff and the Clerk of the Circuit Court of the 7th Judicial Circuit, in and for Volusia County, Florida.

15.    Walmart reserves the right to raise all defenses and objections in this action after the action is removed to this Court.

WHEREFORE, by reasons of the foregoing, Defendant, Wal-Mart Stores East, LP, gives notice of removing this action and respectfully requests that this Notice of Removal be accepted as adequate under federal law, and that Plaintiff's state court action, Case No. 2025 14460 CICI, on the docket of the Circuit Court of the 7th Judicial Circuit Court, in and for Volusia County, Florida, be removed from that court to the United States District Court for the Middle District of Florida, Orlando Division, and that this Court assume full and complete jurisdiction over the case issuing all necessary orders along with any other relief that the Court deems just and proper.

Respectfully submitted,

By:  /s/ Clayton D. Hackney
Clayton D. Hackney
Florida Bar No. 26163
Jordan I. Levitats
Florida Bar No. 957615
FASI & DIBELLO, P.A.
5959 Waterford District Drive, Suite 300
Miami, Florida 33126
Telephone: (305) 537-0469
Facsimile: (305) 503-7405
hackney@fasidibellolaw.com
levitats@fasidibellolaw.com
fernandez@fasidibellolaw.com
pleadings@fasidibellolaw.com
*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a true and correct copy of the foregoing was electronically filed with the Clerk of Court through CM/ECF, and was furnished via e-mail this 16th day of January, 2026 to: Kelly H. Chanfrau, Esq. (Kelly@Chanfraulaw.com; Amber@Chanfraulaw.com; Katie@Chanfraulaw.com; Blake@Chanfraulaw.com), Chanfrau & Chanfrau, *Attorneys for Plaintiff*, 701 N. Peninsula Drive, Daytona Beach, FL 32118.

By:  /s/ Clayton D. Hackney